IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:00-CR-00133-F-2
No. 7:12-CV-00122-F

| | | |
|---|---|---|
| JEROME PIGFORD, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-62] Jerome

Pigford's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §

2255 [DE-58]. Pigford contends that he can no longer be considered a career offender, in light of

the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In its

Motion to Dismiss, the Government argues that dismissal of the § 2255 motion is warranted for

the following reasons: (1) Pigford waived his right to pursue a *Simmons* claim; (2) Pigford's §

2255 motion is untimely; and (3) Pigford failed to state a cognizable claim.

**Procedural Background**

Pigford was charged in all counts of a six-count Indictment. *See* Indictment [DE-15].

On February 5, 2001, pursuant to a written plea agreement [DE-22], Pigford entered a plea of

guilty to Counts One and Six of the Indictment. In Count One, he was charged with conspiracy

to commit an offense in violation of 21 U.S.C. § 841(a)(1), that is, to possess with the intent to

distribute at least 50 grams of a mixture and substance containing cocaine base (crack), in

violation of 21 U.S.C. § 846. *See* Indictment [DE-15]. Pigford was charged in Count Six with

maintaining a place for the purpose of manufacturing, distributing, and using cocaine base

(crack), in violation of 21 U.S.C. § 856(a)(1), and 18 U.S.C. § 2. *Id.*

On August 6, 2001, Pigford was sentenced to a term of 196 months' imprisonment on Counts One and Six, and the two sentences were ordered to run concurrently. *See* Judgment [DE-36]. Pigford filed a notice of appeal on August 15, 2001 [DE-37], and the Fourth Circuit Court of Appeals dismissed the appeal [DE-42].

## Discussion

Pigford concedes that his plea agreement contains a collateral attack waiver, but he argues that this court is not barred from granting him relief. [DE-64.] Specifically, Pigford contends that his challenge falls outside the scope of the waiver because he could not have reasonably foreseen the change in precedent which has occurred with *Simmons*. *Id.* Additionally, Pigford asserts that any decision to deny him relief would be a miscarriage of justice. *Id.*

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

Pigford's plea agreement, which he signed and agreed to in open court, contains the following waiver:

2

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not know to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-22].

Pigford's argument that his *Simmons* claim falls outside the scope of his waiver is inconsistent with Fourth Circuit precedent. Specifically, the Fourth Circuit recently held that "claims regarding the application of *Simmons* fall within the scope of [a] valid appeal waiver." *United States v. Copeland*, 707 F.3d 522, 529-30 (4th Cir. 2013). Additionally, Pigford does not allege, nor is there evidence to suggest, that his plea was unknowing or involuntary. Accordingly, petitioner has waived his right to attack his conviction and sentence collaterally on the basis of *Simmons*, and for this reason, Pigford's § 2255 motion must be dismissed. Having concluded that Pigford's § 2255 motion must be dismissed on the basis that he has waived his right to bring a *Simmons* claim, the undersigned will not address the other bases upon which the Government argues dismissal is warranted.

For the foregoing reasons, the Government's Motion to Dismiss [DE-62] is ALLOWED, and Pigford's § 2255 motion [DE-58] seeking relief in the instant case on *Simmons* grounds is DISMISSED. The undersigned further concludes that Pigford has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

3

SO ORDERED.

This the 3ᵗ day of September, 2013.

James C. Fox
James C. Fox
Senior United States District Judge

4